UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID AVELAR, FRANKLIN PAREDES and
OSCAR VELASQUEZ on behalf of themselves
and all others similarly situated
                              Plaintiffs,

-against-
                                            MEMORANDUM AND ORDER
                                            13-cv-7017 (ADS)(AYS)

ED QUIROS, INC., STUCCO OF THE
HAMPTONS, INC., ED QUIROS, in his
Individual capacity,


                              Defendants.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiffs David Avelar ("Avelar") Franklin Paredes ("Paredes"), and Oscar Velasquez ("Velasquez") (collectively "Plaintiffs") commenced this action on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"). Plaintiffs' complaint sets forth federal and state claims seeking wages and related damages for failure to pay overtime compensation. Plaintiffs also allege claims pursuant to New York State law for: (1) failure to pay spread of hours compensation, i.e., an extra hour's pay for days during which Plaintiffs' work day exceeded ten hours, see generally 12 N.Y.C.R.R. 142-2.4, and (2) the making of improper wage deductions in violation of Section 193 of the New York Labor Law. Named as Defendants are corporate defendants Ed Quiros, Inc. and Stucco of the Hamptons, Inc. as well as individual defendant Ed Quiros ("Quiros") (collectively "Defendants").

1

After Defendants defaulted the Honorable Arthur D. Spatt referred this case to the Honorable Gary R. Brown, the previously assigned Magistrate Judge, for a recommendation as to whether a default judgment should be entered, and if so, whether an award of damages, attorneys' fees and any other relief should be granted. Magistrate Judge Brown thereafter recommended that the District Court enter judgment as to Plaintiffs' claims for overtime compensation and damages, but deny judgment as to Plaintiffs' claims for spread of hours compensation. Magistrate Judge Brown declined to recommend entry of a damages judgment as to the claims sustained on the ground that Plaintiffs' claims for monetary relief lacked sufficient evidentiary support. The request for damages was, however, denied without prejudice to renewal upon a properly supported motion.

Presently before this Court is Plaintiffs' renewed motion for damages. For the reasons set forth below, the Court holds that while Plaintiffs' submission establishes dates worked and regular rates of pay, those submissions are unclear as to the making of improper wage deductions and insufficient to establish the number of overtime hours worked. Rather than deny Plaintiffs' claim, the court holds that the most expeditious way to handle the motion is to hold a hearing pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. That hearing will be held on October 15, 2015, at 2:00 P.M. or as soon thereafter as is convenient for Plaintiffs and their counsel.

## BACKGROUND

I.  Prior Proceedings: Service of Complaint and Entry of Default

The complaint in this matter was filed on December 10, 2013. Docket Entry ("DE") [1]. On April 21, 2014, well after expiration of the time in which to respond,

Plaintiffs submitted a request for a certificate of default. DE [6]. That initial request was denied for failure to properly serve Defendant Quiros. See Electronic Order dated April 14, 2014. Plaintiffs thereafter served a renewed request for a certificate of default. On April 17, 2014, the Clerk of the Court noted the default of all Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. DE [8]. Plaintiffs then moved for entry of a default judgment [DE 9], which motion was, as noted, referred to Magistrate Judge Brown for a report and recommendation [DE 11].

II.     Magistrate Judge Brown's Report and Recommendation as to Entry of Default

In a Report and Recommendation dated February 26, 2015 (the "Default Judgment Report") Magistrate Judge Brown recommended that Plaintiffs' motion for default be granted as to: (1) Plaintiffs' claims of failure to pay overtime compensation in violation of Federal and State law and (2) Plaintiffs' claims of improper wage deductions in violation of Section 193 of the New York State Labor Law. Magistrate Judge Brown further recommended that Plaintiffs default motion be denied as to their claim for spread of hours compensation pursuant to Section 142-2.4 of the regulations of the New York State Department of Labor. 12 NYCRR §142-2.4. Such damages were specifically denied on the ground that where, as here, an employee earns an hourly wage that exceeds the minimum wage, there is no right to additional spread of hours compensation. See Chuchuca v. Creative Custom Cabinets Inc., 13 CV 2506 (RLM), 2014 WL 6674583, at *10 (E.D.N.Y. 2014).

Turning to the question of damages, Magistrate Judge Brown noted that Plaintiffs failed to "submit any evidence to show the amount and extent of the work they performed as a matter of just and reasonable inference," and therefore recommended that an award

3

of damages be denied. The denial was recommended to be without prejudice to renewal upon submission of evidence sufficient under the law, and consistent with the Default Judgment Report. DE [12 at 13].

III.     The Renewed Motion for Damages and Referral to this Court

On March 17, 2015, Plaintiffs filed their renewed motion for damages. DE [14]. On March 18, 2015: (1) this matter was reassigned to this Court and (2) Judge Spatt adopted Magistrate Brown's Default Judgment Report and referred the previously filed renewed motion for damages to the undersigned. DE [16].

DISCUSSION

I.     Legal Principles

   A.     Standards Applicable to Damages Award Following Default Judgment

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. Greyhound Exhibitgroup, Inc v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Olvera v. Los Taquitos Del Tio Inc., 15 CV 1262 (BMC), 2015 WL 3650238, at *1 (E.D.N.Y. 2015); Guaman v. Krill Contracting, Inc., 14 CV 4242 (FB) (RER), 2015 WL 3620364, at *2 (E.D.N.Y. 2015).  Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999); Olvera, 2015 WL 3620364, at *1. Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but ... directly traceable to the breach, not remote or the result of other intervening causes." Credit Lyonnais, 183 F.3d at 153. While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a

4

court must, as noted by Magistrate Judge Brown, "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Ed Quiros, Inc., 13 CV 7017 (ADS) (GRB), 2015 WL 1247102, at *5 (E.D.N.Y. 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 125 (E.D.N.Y. 2011).

The court determining damages has the discretion to hold an evidentiary hearing. Fed. R. Civ. P. 55(b)(2); see Castellanos v. Deli Casagrande Corp., 11 CV 245 (JFP) (AKT), 2013 WL 1207058, at *3 (E.D.N.Y. 2013). Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty. Avelar, 2015 WL 1247102, at *7.

B. Calculating Overtime Damages

Under both the FLSA and the NYLL an employee is entitled to recover the amount of any unpaid minimum wages and overtime compensation. See 29 U.S.C. § 216(b); 12 N.Y.C.R.R. §§ 142-2.2-142-2.4. Unpaid overtime wages are calculated by multiplying the New York State minimum wage rate or the FLSA rate, whichever is higher, by 0.5 to determine the additional amount owed per hour over forty hours worked. 29 U.S.C. § 207(a)(1); NYCCR 12 § 142–2.2; Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 125 (E.D.N.Y. 2011). That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of overtime pay owed per week. The totals for each week are then aggregated to calculate the total amount of overtime wages owed. Mendez v. Casa Blanca Flowers, Ltd., 12 CV 5786 (ENV) (JMA), 2014 WL 4258943, at * 3 (E.D.N.Y. 2014).

A plaintiff is entitled to overtime wages in the hourly amount of one and one-half

5

times his rate of pay, even if that pay rate exceeds the minimum wage. Thus, where for example, a plaintiff can show that his rate of pay is $20 per hour, his overtime rate of pay will be $30 per hour ($20 rate of hourly pay plus an additional $10 representing 50% of the regular rate of pay). While this can result in an award of damages that is well in excess of the minimum wage, and employer "must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]." Avelar v. Quiros, Inc., 13 CV 7017 (ADS) (GRB), 2015 WL 1247102, at *5 (quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944).

C.  Entitlement and Calculating Enhanced Damages

Both Federal and New York State law provide for enhanced damages equivalent to 100% of the total amount of the wages held to be due. As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer. Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997). Under state law, willfulness is established where employers voluntarily underpay employees. Moon v. Kwon, 248 F.Supp.2d 201, 235 (S.D.N.Y. 2002). These standards have been recognized to be essentially the same. Id. Where, as here, the employer defaults, an award of liquidated damages under both federal and state law is appropriate. Guaman, 2015 WL 3620364, at *10.

D.  Interest in FLSA/NYLL Judgments

An award of prejudgment interest is not available when an award of liquidated damages applies under the FLSA. Prejudgment interest may be awarded, however, with respect to violations of state law. Thus, a plaintiff may be awarded prejudgment interest

6

only as to claims for which no FLSA liquidated damages have been assessed. Superior Care, 840 F.2d at 1064 (2d Cir. 1988); Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76, 92–93 (E.D.N.Y. 2012). Unlike prejudgment interest, an award of post-judgment interest is available as of right. Guaman, 2015 WL 3620364, at *11.

E.    Facts Necessary to Show Entitlement to Unpaid Wages and Overtime Damages

Both the Federal and State statutory labor law schemes place the burden of showing hours worked on the employee. See Avelar, 2015 WL 1247102, at *6. Under both schemes, however, the employer is charged with maintaining accurate records of employee hours. Guaman, 2015 WL 362036, at *7. When the employer's records are inadequate, an employee may meet his burden of showing hours worked by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Rivera v. Ndola Pharmacy Corp., 497 F.Supp.2d 381, 388 (E.D.N.Y. 2007). Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimates of the hours worked are presumed correct and are often sufficient to support a damages award. E.g., Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 126 (E.D.N.Y. 2011); Chun Jie Yin v. Kim, 7 CV 1236 (DLI) (JO), 2008 WL 906736, at *3 (E.D.N.Y. 2008).

In view of the fact that it is Plaintiff's burden to prove entitlement to damages from a defaulting defendant to a "reasonable certainty," see Credit Lyonnais, 183 F.3d at 153, this Court must consider the nature of the proof required to prove such damages where, as here, a plaintiff seeks overtime and related enhanced damages. The Second Circuit has spoken explicitly as to the level of pleading required to state a claim for overtime wages. See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106,

114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013), cert. denied, 134 S. Ct. 918 (2014).

Similar to the "reasonable certainty" standard required to prove entitlement to default damages, the Second Circuit has held that a plaintiff seeking to state a claim for overtime wages must plead facts sufficient to support a "reasonable inference" that he worked more than forty hours in a given week. Dejesus, 726 F.3d at 90 (2d Cir. 2013). While such hours need not be pled with exact "mathematical precision," a plaintiff seeking overtime wages is required to draw from his "memory and experience" when pleading hours worked. Id. Facts thus drawn from memory must provide "sufficient detail about the length and frequency" of hours worked so as to "support a reasonable inference that [plaintiff] worked more than forty hours in a given week." Dejesus, 726 F.3d at 90 (2d Cir. 2013). The pleading of such factual context allows a plaintiff to "nudge [his] claim 'from conceivable to plausible.'" Dejesus, 726 F.3d at 90 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Lundy, 711 F.3d at 114 n.7 (approximation of overtime hours worked, while "not needed in all cases," may "help draw a plaintiff's claim closer to plausibility").

While Lundy, Nakahata and Dejesus arose in the context of assessing the factual sufficiency of pleading a claim for overtime wages, this Court can find no real difference between the requirement of pleading facts to support a "reasonable inference" of hours worked to avoid dismissal, and those required to support damages to a "reasonable certainty." Indeed, research reveals that the Second Circuit's wage pleading requirement has been applied not only in the context of motions to dismiss wage claims, but also in

the context of a case seeking damages in cases of default. Thus, the failure to properly allege hours worked can lead to dismissal in the context of a motion to dismiss, or to a denial of an award of damages following entry of a default judgment. E.g., Ayala, 14 CV 6035 (ADS) (SIL), 2015 WL 4509133 (E.D.N.Y. 2015) (motion to dismiss); Ferrera v. Tire Shop Center, 14 CV 4657 (FB) (LB), 2015 WL 3562624 (E.D.N.Y. 2015) (default). In both types of cases, however, courts routinely allow plaintiffs the opportunity to properly replead insufficiently supported claims. E.g., Ayala, 2015 WL 4509133, at *12 ; Ferrera, 2015 WL 3562624, at *5.

With these standards in mind, the court turns to consider the issues referred to this Court for report and recommendation, i.e., whether Plaintiffs have sufficiently pled their claim for overtime damages, and, if so, the amount to be awarded.

II.     The Factual Sufficiency of Plaintiff's Overtime Claims

As noted, Plaintiffs' initial application for damages was denied for failure to submit evidence showing the amount and extent of work performed. That initial request, which was supported by nothing more than an attorney's declaration, was plainly insufficient. As noted by Magistrate Judge Brown, Plaintiffs failed to submit: (1) affidavits or and other documentation; (2) a statement of damages "clearly setting forth the specific amount that are sought with supporting details for each plaintiff" or (3) a memorandum of law.  DE [12 at 13].

Plaintiffs attempt to cure their prior lack of evidentiary support by submitting: (1) affidavits of two of the three named Plaintiffs; (2) detailed pay stubs provided to Plaintiffs by Defendants, and (3) a handwritten document described as an example of a typical envelope given to Plaintiffs containing their pay in cash. A review of the

documents submitted reveals, as discussed below, that they are sufficient to establish the Plaintiffs' dates of employment and rates of pay. These documents are, however, unclear with respect to their claims of 10% improper wage deductions, and insufficient to establish the number of overtime hours worked.

### A. Dates of Employment and Rates of Pay Are Established

Plaintiff Avelar's affidavit and pay stubs constitute evidence sufficient to establish that he was employed by Defendants from February 20, 2010 until November 21, 2013 and his rates of pay. As to the latter, Avelar's affidavit, which is corroborated by his pay stubs, constitute evidence sufficient to find that Avelar was paid at the hourly rate of $18.00 from 2010 through April of 2013, and $19.00 from April 2013 until the end of his employment on November 21, 2013.

While not as precise, the documents submitted support a finding that Paredes was employed by Defendants for approximately four months in 2010, six months in 2011, and from August of 2012 through November 21, 2013. The evidence also supports a finding that Paredes was paid at the hourly rate of $15.00 until May of 2013, when his hourly rate was raised to $16.00.

Plaintiff Velasquez has submitted no affidavit, but payroll records indicate his employment by Defendants from July through November of 2013, and an hourly wage of $15.00.

### B. Insufficiency of Evidence of Overtime Hours and Wage Deductions

In support of their claims of overtime hours worked and improper wage deductions Plaintiffs rely, in addition to the affidavits of Avelar and Paredes upon: (1) pay stubs provided by Defendants; (2) a handwritten document, and (3) a wage

10

calculation spreadsheet.

Were the court to consider only the pay stubs submitted, there would be clear documentary evidence that Plaintiffs were all paid properly. Thus, all pay stubs, submitted herewith as Exhibits C-E [DE 14-3, 14-4 and 14-5] reflect that Plaintiffs never worked, and were therefore never paid, any overtime wages.

Plaintiffs' claim of overtime hours worked relies, however, not on the pay stubs, but on their assertions that the pay stubs provided were a sham, because they fail to reflect work actually performed in excess of forty hours per week. In support of this claim, Plaintiffs Avelar and Paredes submit personal affidavits stating that:

- they "routinely worked in excess of 40 hours per week. Monday through Saturday from 7:00 A.M. to 5:30 P.M."
- they returned to work at the Tangers Outlet "three to four times per week from approximately 7:00 P.M. to 10:30-11:00 P.M."
- during the "winter months" they did "not work as many hours but there were weeks during January and February" that they worked "in excess of forty hours."
- "in or about the month of March the temperature started warming and the construction hours really picked up."

Plaintiffs also state that while they were paid for all hours worked, they were not paid as set forth in the pay stubs, but in cash, pursuant to a double booking system whereby Defendants kept separate records for straight and overtime hours worked. While the affidavits are not completely clear, it appears that the cash payments are stated to reflect payment for overtime hours worked, at Plaintiffs' regular rates of pay, and not at the required overtime rate of pay. The cash received is further alleged to have been

11

impermissibly reduced by 10%. See Avelar Aff. ¶5; Paredes Aff. ¶5.

In support of Plaintiffs' claims regarding Defendants' alleged double booking system, Plaintiff Avelar submits, in addition to his affidavit, a single handwritten document. That document is annexed to Plaintiffs' motion as Exhibit D, and is alleged to be an exemplar of the envelope in which Plaintiffs' cash wages were provided. See Avelar Aff. ¶5; Paredes Aff. ¶5. Both Plaintiffs' affidavits describe the document as "a sample of the envelopes Ed Quiros would give us with the cash payments." Avelar Aff. ¶5; Paredes Aff. ¶5. Plaintiffs' affidavits further describe the envelope as follows: "[i]t would state on the outside of the envelope how much was in the envelope based on the hours worked at the straight time hourly rate. It also showed the impermissible 10% deduction he would take from us every pay period." Avelar Aff. ¶5; Paredes Aff. ¶5.

Handwritten on the document submitted is David Avelar's name, and the numbers "40/720." Those numbers are underlined, and beneath the underscoring is the dollar amount "$650."[1] Assuming that the number "40" refers to hours worked, and that "720" refers to Avelar's gross pay, the handwritten document supports his claim that he was paid, at certain times, an hourly rate of $18.00. The reference to "$650," is probative as to the wage deduction claim, as it reflects a deduction of approximately 10% from $720.00.

While the document tends to support the claim that Defendants improperly deducted 10% from Plaintiffs' wages, its reference to "40" hours worked, when coupled with the affidavit statement that the cash represented payment for "hours worked," leaves uncertainty regarding whether Plaintiffs received all wages in cash. Indeed, while Plaintiffs' affidavits appear to state that they received only overtime wages in cash, their

---

[1] The document also includes crossed-out writing that is unclear and not relied upon by Plaintiffs in support of any allegation.

12

damages calculation spreadsheet, annexed as Exhibit 7 to their damages motion [DE 14-7] never refers to working forty hours in overtime, but instead refers continually to thirty-seven hours of weekly overtime. The envelope exhibit, referring to "40" hours thus appears to refer to straight time worked, and not to overtime hours. Nonetheless, if Plaintiffs pursued only the claim that Defendants improperly deducted 10% from their forty hour wages, the court might be inclined to order damages reflecting that improper deduction, and any applicable enhancement of those damages. Plaintiffs' requests for damages, however, goes much further. Indeed, Plaintiffs seek overtime damages reflecting thirty-seven hours of overtime worked for virtually each and every week they were employed by Defendants. See Damages Calculation Spreadsheet annexed to Plaintiffs' Motion as Exhibit 7. DE 14-7.

Also rendering ambiguous, and indeed, undermining Plaintiffs' claims of unpaid overtime wages, are the damages calculations in their spreadsheet, prepared by counsel and submitted as Exhibit H to Plaintiffs' motion. [DE 14-7] First, the calculations in that spreadsheet appear to be at odds with Plaintiffs' assertions as to the seasonal nature of their work. The numbers reflected in the spreadsheet also appear to include damages for spread of hours compensation, a claim specifically rejected by Magistrate Judge Brown.

More importantly, the claim of working exactly thirty-seven hours of weekly overtime, as reflected in the spreadsheet, is at odds with Plaintiffs' affidavits, which refer to "routine" hours, weeks when they worked overtime "three to four" times a week and the seasonal nature of their work. Because those allegations are neither sufficiently clear nor in accord with the hours reflected on the spreadsheet, they fail to rise to the level of pleading required by the Second Circuit and are therefore insufficient for this court to

13

make a reasonably specific determination as to damages. When arriving at this holding the court notes the Second Circuit's characterization of pleading requirements as set forth above, and its reliance on Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012). Pruell was a First Circuit Court of Appeals case in which substantially the same language used by Plaintiffs here was characterized as too "threadbare" and "speculative" to support a claim of overtime work. Dejesus, 726 F.3d at 89 (citing Pruell, 678 F.3d at 12-13). Plaintiffs' allegations here, which state only that they "regularly" and "approximately" worked overtime either "three to four" or six days a week, depending upon the season, are substantially the same as those set forth in Pruell. In light of the fact that the Second Circuit agreed that such allegations do not support the reasonable inference of facts necessary to survive a motion to dismiss, they similarly do not rise to the level of those reasonably specific enough to support a damages award.

III.     Necessity for a Hearing

Upon consideration of the law and facts set forth above, the Court holds that Plaintiffs' motion papers support their claims as to their dates of employment and regular rates of pay. The Court further holds that Plaintiffs' motion papers tend to support the claim that their straight time wages were subject to an improper 10% deduction. Those papers are, however, insufficient to support all of the overtime wages sought. Instead of recommending dismissal of Plaintiff's damages claim at this time, the Court will hold a Rule 55(b)(2) inquest to allow Plaintiffs the opportunity to give testimony regarding their entitlement to damages.

With respect to the law to be applied at the inquest, the Court recognizes that there is certainly no question as to a Plaintiffs' entitlement to be compensated at the rate

of 1.5 times their regular rates of pay for all overtime hours worked. They are also entitled to their full wages, without the making of impermissible, arbitrary deductions. Further, no court requires that a plaintiff seeking wages maintain meticulous records of hours worked, and, as noted, it is the employer's burden to maintain proper records. Guaman, 2015 WL 362036, at *7. Nonetheless, a plaintiff seeking damages must do more than simply parrot the words of the applicable statutes to support an award. After all, it is plaintiffs' "memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place," and they must draw on those resources in providing complaints with sufficiently developed factual allegations." Dejesus, 726 F.3d at 89. Thus, Plaintiffs must at least provide the court with the reasonably detailed benefit of their recollection regarding seasonal hours and dates worked. Such recollection will put the court in a position to make a plausibly supported award of damages.

At the inquest each Plaintiff should be prepared to testify with greater factual detail as to when his duties were performed. In light of their claims, Plaintiffs can properly supplement their affidavit testimony by supplying more specific information regarding the dates on which they worked, location of places they worked, the times when they were expected to report, and when they left the worksites. They can also clarify the meaning of the writing on the envelope exemplar submitted and explain whether they were paid for all hours in cash. Finally, counsel will be given the opportunity to clarify and correct the spreadsheet submitted to the court.

III.     Claims for Attorney's Fees and Costs

Both the FLSA and NYLL provide for recovery of reasonable attorneys' fees and

costs by successful plaintiffs. See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a),(1-d). The statutes similarly allow prevailing plaintiffs to recover costs from defendants. 29 U.S.C. §216(b); N.Y. Labor L. §663(1). Counsel seeking such awards bear the burden of supporting their claims of hours expended by submission of accurate, detailed and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

Here, counsel has provided an affidavit, a retainer and detailed contemporaneous time records and receipts supporting his request for attorneys' fees and costs. His requested hourly fee of $350 is justified by his experience. See e.g. Cohen v. Narragansett Bay Ins. Co., No. 14 CV 3623 (PKC), 2014 WL 6673846, at * 3, n. 4 (E.D.N.Y. Nov.24, 2014) (hourly rate of $350.00 held reasonable for an experienced attorney handling a case that was not particularly complex); Flanagan v. North Star Concrete Constr., Inc., No. 13 CV 2300 (JS) (AKT) , 2014 WL 4954615, at *11 (E.D.N.Y. Oct.2, 2014) (noting prevailing rates for experienced attorneys in the Eastern District of New York as ranging from approximately $300 to $400 per hour); Sass v. MTA Bus Co., 6 F.Supp.3d 238, 261 (E.D.N.Y.2014) (reasonable hourly rates held to be approximately $300–$450 for partners with an hourly rate of $425.00 reasonable for a highly experienced employment law attorney).

This Court finds Plaintiffs' counsel's present request an award of $10,210.50 in fees and disbursements appropriate. In light of the fact, however, that additional fees will likely be incurred in preparing for the inquest, the court will defer making a recommendation as to a fee award at this time.

## **CONCLUSION**

For the foregoing reasons, the court directs Plaintiffs to appear for an inquest on damages to be held before this Court on October 15, 2015, at 2:00 P.M. In the event that this date is inconvenient for Plaintiffs or counsel, counsel shall request an adjournment setting forth three alternative dates upon which the inquest may be held.

Dated: Central Islip, New York
September 24, 2015

      /s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge